UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAVOUTH CHHOY,<br><br>Defendant | Criminal No. 22cr10195<br><br>Violations:<br><br>Count One: Possession with Intent to Distribute 500 Grams or More of Methamphetamine<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))<br><br>Count Two: Possession of a Firearm with an Obliterated Serial Number<br>(18 U.S.C. § 922(k))<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461)<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

## INDICTMENT

### COUNT ONE
Possession with Intent to Distribute 500 Grams or More of Methamphetamine
(21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii))

The Grand Jury charges:

On or about April 14, 2022, in Lowell, in the District of Massachusetts, the defendant,

RAVOUTH CHHOY,

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

1

## COUNT TWO
Possession of a Firearm with an Obliterated Serial Number
(18 U.S.C. § 922(k))

The Grand Jury further charges:

On or about April 14, 2022, in Lowell, in the District of Massachusetts, the defendant,

### RAVOUTH CHHOY,

did knowingly possess a firearm, that is: a Ruger 380 pistol, that had been shipped and transported in interstate commerce, and from which the importer's and manufacturer's serial number had been removed, obliterated, and altered.

All in violation of Title 18 United States Code Section 922(k).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(A)(viii), set forth in Count One, the defendant,

### RAVOUTH CHHOY,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following assets:

    a. $2,301 in U.S. Currency seized on or around April 14, 2022; and

    b. $25,000 in U.S. Currency seized on or around April 14, 2022.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

3. Upon conviction of the offense in violation of Title 18, United States Code, Section 922, set forth in Count Two, the defendant,

### RAVOUTH CHHOY

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    c. A Ruger 380 pistol

4. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

*Michelle L. Gorden*
FOREPERSON

*[signature]*
EVAN D. PANICH
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: ~~JULY~~ AUGUST 3, 2022
Returned into the District Court by the Grand Jurors and filed.

*[signature]* @ 12:37 P.M.
DEPUTY CLERK