UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAVOUTH CHHOY<br><br>Defendant | Crim. No. 22-10195-ADB |

## MOTION FOR DETENTION

As the government articulated at the Defendant Ravouth Chhoy's initial appearance in this matter, the government is seeking that Chhoy be detained. The following grounds for detention apply here:

1. There is a rebuttable presumption that no condition or combination of conditions will reasonably assure Chhoy's appearance, where there is probable cause that Chhoy committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, *see* 18 U.S.C. §§ 3142(e)(3)(A), 3142(f)(1)(C);

2. Chhoy is charged with a felony that involves the possession of a firearm, *see* 18 U.S.C. § 3142(f)1)(E).[1]

3. There is a serious risk that Chhoy will flee, *see* 18 U.S.C. § 3142(f)(2)(A).

---

[1] Undersigned counsel did not raise this ground in the government's oral motion for detention on August 10, 2022, but raises it here.

ARGUMENT

I.   **THE BAIL REFORM ACT'S REBUTTTABLE PRESUMPTION APPLIES TO THIS CASE**

The Court should detain Chhoy because the Bail Reform Act's rebuttable presumption applies to this case. Chhoy is charged in the Indictment with a violation of the Controlled Substances Act which carries a maximum sentence of life in prison. *See* Indictment, ECF No. 1; 21 U.S.C. § 841(b)(1)(A)(viii). "The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation." *United States v. Correia*, 937 F. Supp. 2d 189, 192 (D. Mass. 2013) (citing *United States v. Vargas*, 804 F.2d 157, 163 (1st Cir. 1986). Accordingly, the presumption applies here.

II.  **CHHOY IS CHARGED WITH A FIREARMS OFFENSE**

Even if the rebuttable presumption did not apply here, detention would still be appropriate here because this case involves a firearm. Courts routinely determine that detention is appropriate where the case involves the possession of a firearm. *See* 18 U.S.C. § 3142(f)(1)(E); *see also, e.g., United States v. Riley*, 322 F. Supp. 3d 242, 243 (D. Mass. 2018) (affirming detention order entered by M.J. Boal where defendant was charged with unlawful possession of a firearm). Here, Chhoy is charged with possession of a firearm, and in particular, a firearm with an obliterated serial number that is designed to evade detection. *See* ECF No. 1. Chhoy's possession of a firearm with an obliterated serial number further supports an order of detention here.

III. **RELEASE ON CONDITIONS WOULD GENERATE A RISK OF CHHOY'S NON-APPEARANCE**

Even if the rebuttable presumption did not apply and Chhoy was not charged with a firearms offense, he would still present a risk of non-appearance that cannot be mitigated by conditions of release. A defendant's risk of flight "increases . . . because the length of potential

imprisonment together with the strength of the evidence." *United States v. Quinones*, 86 F. Supp. 2d 19, 23 (D.P.R. 2000).  Here, Chhoy faces a mandatory minimum sentence of ten years and a maximum sentence of life in prison.  *See* 21 U.S.C. § 841(b)(1)(A)(viii).  Meanwhile, the evidence against him is strong.  As the government expects the evidence to show at the forthcoming detention hearing, law enforcement recovered thousands of counterfeit Adderall pills containing methamphetamine from Chhoy at the time of his arrest following multiple controlled purchases of the same drug from him.  These facts militate in favor of finding that Chhoy presents a risk of flight.

## CONCLUSION

      For the foregoing reasons, the government respectfully requests that the Court issue an order of pre-trial order of detention.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

Date: August 12, 2022      By:    /s/ Evan D. Panich
      EVAN D. PANICH
      Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                                Evan D. Panich
                                                Assistant United States Attorney

Date: August 12, 2022