UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 22-10195-ADB

UNITED STATES OF AMERICA

v.

RAVOUTH CHHOY

## ORDER ON GOVERNMENT'S MOTION FOR DETENTION

August 16, 2022

Boal, M.J.

    Defendant Ravouth Chhoy is charged in an indictment with possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k).  An initial appearance was held on August 10, 2022, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act) and 3142(f)(2)(A) (serious risk of flight).  In addition, on August 12, 2022, the government filed a motion for detention where it also moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(E) (defendant is charged with a felony that involves the possession of a firearm).

    I held a detention hearing on August 15, 2022, at which the government called DEA Task Force Officer Robert Adams.  Defense counsel cross-examined Officer Adams.  After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services Report recommending detention, I order the defendant detained pending trial.

1

I.      **ANALYSIS**

    A.      **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed a controlled substance offense with a maximum term of imprisonment of ten years or more, a "rebuttable presumption" of danger arises. 18 U.S.C. § 3142(e). The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community. United States v. Jessup, 757 F.2d 378, 384 (1st Cir.

1985), abrogated on other grounds by, United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Without credible evidence to rebut the presumption, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the Government. Jessup, 757 F.2d at 381.

**B.     Nature Of The Offense**

The government alleges that the defendant sold thousands of pills containing methamphetamine to a confidential informant on January 18, February 10, and March 4, 2022. When the defendant was arrested, agents recovered approximately 6,000 counterfeit pills containing methamphetamine from a bag in his possession. A search of Chhoy's residence yielded 100 grams of cocaine, additional pills, $25,000 in cash, and a Ruger 380 pistol with an obliterated serial number. If convicted, Chhoy faces a ten-year mandatory minimum sentence.

**C.     Defendant's History And Characteristics**

Chhoy, age 32, was born in Providence, Rhode Island. He is self-employed buying cars to fix and sell for a profit. He also sometimes works at a friend's construction company. Chhoy's criminal record shows convictions for possession of a firearm and ammunition, possession to distribute marijuana, and possession of oxycodone.

**D.     Risk Of Flight**

Chhoy has lived in Lowell, Massachusetts since he was eight years old. His mother is deceased. His father and siblings all live in Lowell.

Chhoy has never been married. He has been in a relationship with his girlfriend for approximately one year. He has three children from a previous relationship, who live with their mother in California.

Chhoy does not have a passport and has never traveled outside of the United States. His criminal record shows violations of probation and a default.

### E. Dangerousness

Chhoy is charged with narcotics trafficking, which is encompassed within Congress' definition of danger to the community. United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985). A pistol with an obliterated serial number was recovered from his residence. In addition, he has been the subject of two restraining orders and convicted of violating one of the restraining orders, for which he served a two-year suspended sentence.

### F. Assessment Of All Factors

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, including his proposal to be released on electronic monitoring plus an order to participate in substance abuse therapy, this Court finds that the government has met its burden regarding detention. Chhoy has significant ties to Massachusetts and does not appear to pose a serious risk of flight. However, he is alleged to have engaged in drug trafficking. In addition, he has been previously convicted of drug and firearm offenses and has been the subject of two restraining orders. Moreover, a pistol with an obliterated serial number was found in his residence. Accordingly, I find that no condition or combination of conditions will reasonably assure the safety of the community.

## **ORDER OF DETENTION**

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Ravouth Chhoy be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Ravouth Chhoy be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Ravouth Chhoy is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge